IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

CHRISTINA M. VOGT,

      **Plaintiff,**

v.                                                Civil Action No. 1:20-CV-279
                                                  (JUDGE KLEEH)

MEREDITH HARTERY,
BOBBIE GODBEY, and
CHEYENNA LUZYNSKI;

      **Defendants.**

## REPORT AND RECOMMENDATION
## RECOMMENDING DISMISAL WITHOUT PREDJUDICE

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). District courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). Accordingly, the undersigned U.S. Magistrate Judge respectfully submits the following Report and Recommendation to the Honorable District Court Judge Thomas S. Kleeh.

Because this Court lacks subject matter jurisdiction, the undersigned **RECOMMENDS** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** by the District Court.

Separately, because the Plaintiff has paid the civil filing fee, the Court **DENIES AS MOOT** Plaintiff's Motion to Proceed *in forma pauperis*. [ECF No. 2].

                      **I.**      **PROCEDURAL HISTORY**

On December 28, 2020, the *pro se* Plaintiff Christina M. Vogt filed a Complaint against

Meredith Hartery, Bobbie Godbey, and Cheyenna Luzynski. [ECF No. 1]. In the Complaint, Plaintiff cites that the basis for federal court jurisdiction is federal question jurisdiction, specifically related to Defamation under Title 28, United States Code Section 4101, Blackmail under Title 18, United States Code Section 873, and Fraud and False Statements under Title 18, United States Code Chapter 47. [ECF No. 1 at 3]. Plaintiff later elaborates on jurisdiction, stating:

> Jurisdiction: Banks have Federal regulations and these defendants have breached Federal laws by committing a crime of fraud in impersonating the defendant or using some other form of fraud to obtain federally filed documents.
>
> Moreover, these Defendants are residents of Morgantown, which is where these crimes were committed. This is nearby to Wheeling and therefore, this plaintiff is claiming that the Wheeling Federal District Court has jurisdiction to hear this case.

[ECF No. 1-1 at 1].

Plaintiff proceeds to allege three causes of action: (1) Fraud, Impersonation and Forging Documents, (2) Defamation, and (3) Extortion / Blackmail. Plaintiff repeats that "[t]he plaintiff realizes that this cause of action is not only a civil charge but also a criminal charge. She has not yet filed criminal charges but still holds that option." Id.

Along with her Complaint, Plaintiff filed Motion to Proceed *in forma pauperis*. [ECF No. 2]. Plaintiff cited that while she earns $1,350.00 every two weeks, she explains that she believes she may be losing her job shortly and based on that uncertainty, she is fearful of spending any money. The Court would note that Plaintiff failed to sign the declaration on Page 2 of the Motion to Proceed *in forma pauperis*.

On the same day, the Clerk of Court sent Plaintiff a Notice of General Guidelines for Appearing Pro Se in Federal Court. [ECF No. 4].

On March 9, 2021, the civil filing fee was paid, [ECF No. 6], and a summons issued as to the Defendants, [ECF No. 7].

Based upon the Plaintiff's payment of the civil filing fee, [ECF No. 6], the Court **DENIES**

**AS MOOT** the Plaintiff's Motion to Proceed in forma pauperis. [ECF No. 2].

## II.     LEGAL STANDARD

Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir.1999) (citing McNutt v. Gen'l Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." United States v. Poole, 531 F.3d 263, 274 (4th Cir.2008) (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." Robb Evans & Assocs., LLC v. Holibaugh, 609 F.3d 359, 362 (4th Cir.2010); accord Hertz, 130 S.Ct. at 1194; McBurney v. Cuccinelli, 616 F.3d 393, 408 (4th Cir.2010).

Although it is well-established that a *pro se* litigant is entitled to a liberal construction of his pleadings, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the principles requiring liberal construction of *pro se* pleadings are not without limits. Gordon v. Leeks, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberal construction does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party. Id.  Therefore, because the Court cannot act as an advocate for the plaintiff, his claims can only be considered under the legal bases expressly set forth by him in this case. Jurisdiction may not be sustained on a theory that the plaintiff has not advanced. See Healy v. Sea Gull Specialty Co., 237 U.S. 479, 480, 35 S.Ct. 658, 659, 59 L.Ed. 1056 (1915) ("[T]he plaintiff is absolute master of what jurisdiction he will appeal to").

Generally, only two types of cases can be heard in federal court: cases involving diversity of citizenship of the parties and cases involving a federal question. "Federal-question jurisdiction affords parties a federal forum in which 'to vindicate federal rights,' whereas diversity jurisdiction provides 'a neutral forum' for parties from different States. Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1746, reh'g denied, 140 S. Ct. 17 (2019)(citing Exxon Mobil Corp., 125 S.Ct. 2611).

Diversity jurisdiction applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

Federal question jurisdiction applies when the Plaintiff's *civil action* arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, "[a] suit arises under the law that creates the cause of action." Atl. Richfield Co. v. Christian, 140 S. Ct. 1335, 1350 (2020) (quoting American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916)).

The Supreme Court has made it very clear that "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." Cannon v. Univ. of Chi., 441 U.S. 677, 688 (1979). See also Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 817 (1986)("[A] complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'").

The U.S. Court of Appeals for the Fourth Circuit has explained that to create a private civil action for which federal question jurisdiction would be appropriate, Congress must "'speak[ ] with a clear voice' and the statute must 'unambiguously' express the intent 'to create not just a private right but also a private remedy.'" Clear Sky Car Wash LLC v. City of Chesapeake, 743 F.3d 438, 444 (4th Cir. 2014) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284 (2002)).

This holds true for criminal statutes. It is well-established that a private individual has no constitutional right and standing to bring a criminal complaint against another individual. See Leeke v. Timmerman, 454 U.S. 83, 102 S.Ct. 69, 70 L.Ed.2d 65 (1981); Linda R.S. v. Richard D., 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.") ; Younger v. Harris, 401 U.S. 37, 42, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

In the comparable case of Fed. Sav. & Loan Ins. Corp. v. Reeves, the Fourth Circuit found that the federal criminal code provisions dealing with embezzlement, fraud, and misrepresentation provide no basis for a civil cause of action where it was "clear that Congress envisioned the statute solely in criminal terms." Fed. Sav. & Loan Ins. Corp. v. Reeves, 816 F.2d 130, 138 (4th Cir. 1987). See also, e.g., Rouhi v. Kettler, No. 19-3052-SAG, 2020 WL 3451871, at *3 (D. Md. June 24, 2020), aff'd, 831 F. App'x 636 (4th Cir. 2020)(no subject matter jurisdiction because Plaintiff's "citation to various criminal statutes, which do not include private rights of action, does not permit this Court's exercise of federal question jurisdiction."); Tam Anh Pham v. Deutsche Bank Nat. Tr. Co., 583 F. App'x 216, 217 (4th Cir. 2014); Phillips v. North Carolina, Civil No. 5:19-CV-111-D, 2020 WL 2150526 (E.D.N.C. Mar. 24, 2020) (dismissing case for lack of subject matter jurisdiction despite pro se plaintiff's citation to federal criminal statutes as basis for civil claim); and Ali v. Timmons, Civil No. 04-CV-0164E, 2004 WL 1698445, at *2 (W.D.N.Y. July 26, 2004)

("Initially, plaintiff's claims for criminal theft and embezzlement must be dismissed because there is no private right of action, either express or implied, under the criminal statute raised by plaintiff, 18 U.S.C. § 641.")

A suit may be dismissed for lack of jurisdiction in the federal district court "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." McCartney v. State of W.Va., 156 F.2d 739, 742 (4th Cir. 1946) (quoting Bell v. Hood, 66 S.Ct. 773, 774 (1946)).

### III.   ANALYSIS

Here, Plaintiff alleges subject matter jurisdiction on the basis of federal question jurisdiction. She cites to laws related to Defamation under 28 U.S. Code § 4101, Blackmail under Title 18, United States Code Section 873, and Fraud and False Statements under Title 18, United States Code Chapter 47. [ECF No. 1 at 3].

First, under 28 U.S. Code § 4101 et seq., defamation is defined in order to allow a domestic court to enforce a foreign judgment for defamation. These statutory provisions, as enacted by the Securing the Protection of Our Enduring and Established Constitutional Heritage Act of 2010, Pub. L. 111–223, §3(a), 124 Stat. 2381. (Aug. 10, 2010), create a narrow cause of action where an individual who has already received a favorable foreign judgment for the civil offense of defamation can use a domestic federal court to enforce that judgment.

To contrast, here, Plaintiff is attempting to bring a common law civil claim of defamation for the first time against the Defendants. The Court has no information that Plaintiff has previously received a foreign judgment against the Defendants for defamation which she is seeking to enforce. The law cited does not bestow a federal right upon the Plaintiff or original jurisdiction upon this

Court to hear such defamation claims. The law is not in dispute nor is Plaintiff challenging the constitutionality of the cited law as enforced against her in some way. Accordingly, there is no federal question jurisdiction based upon under 28 U.S. Code § 4101.

Next, under 18 U.S. Code § 873, blackmail is defined as "whoever, under a threat of informing, or as a consideration for not informing, against any violation of any law of the United States, demands or receives any money or other valuable thing, shall be fined under this title or imprisoned not more than one year, or both."

Similarly, 18 United States Code § 1001 *et seq.*, provides the criminal provisions for fraud and false statements. Under 18 U.S. Code § 1034, the Attorney General is empowered to bring "civil action[s] in the appropriate United States district court[,]" but Chapter 47 contains no other language does not provide a private action or private remedy to private citizens.

This Court surely has original jurisdiction under 18 U.S. Code § 3231 to hear all criminal cases involving offenses against the laws of the United States. However, these criminal laws empower the Government, not private citizens, to bring criminal offenses before the Court. A private citizen lacks the right to prosecute another, and Congress has not provided a private right for the Plaintiff to bring a private action for black mail or fraud in this federal district court. The undersigned finds federal question jurisdiction cannot be sustained based upon the Complaint.

Plaintiff does not allege subject matter jurisdiction on the basis of diversity. While Plaintiff articulates that the amount in controversy exceeds $75,000, she concedes that all the named parties are West Virginia citizens. [ECF No. 1 at 3-4]. Accordingly, the undersigned finds there is no diversity jurisdiction as to allow this Court to hear Plaintiff's claims.

The undersigned, having reviewed Plaintiff's Complaint, finds that there is no subject matter jurisdiction for this Court to hear Plaintiff's case.

## IV.     CONCLUSION

Based upon the Plaintiff's payment of the civil filing fee, [ECF No. 6], the Court **DENIES AS MOOT** the Plaintiff's Motion for Leave to Proceed in forma pauperis [ECF No. 2].

For the above reasons, the undersigned respectfully **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

Any party may within **fourteen (14) days** after being served with a copy of this Report and Recommendation file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.**  A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh United States District Judge.

**Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.** 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to transmit copies of this Report and Recommendation to all parties by certified mail, return receipt requested.

It is so **RECOMMENDED AND ORDERED.**

**Respectfully submitted this March 18, 2021.**

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE